# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TODD COOPER**,

        Petitioner,

v.                                                                 Civil Action No. 2:09cv90
                                                                                    (Judge Maxwell)

**KUMA DEBOO, Warden,**

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* petitioner initiated this § 2241 action on July 7, 2009. The petitioner paid his required filing fee on August 25, 2009. Accordingly, a preliminary review of the petition was conducted on August 26, 2009, and the respondent was directed to file an answer. On October 14, 2009, the respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Because the petitioner is proceeding *pro se*, a Roseboro Notice issued on October 16, 2009. The petitioner filed a response to the respondent's motion on December 23, 2009. This case is before the undersigned for a Report and Recommendation on the respondent's pending motion.

### II. Contentions of the Parties

**A. The Petition**

In the petition, the petitioner asserts that the Bureau of Prisons ("BOP") has failed to properly compute his federal sentence. Specifically, the petitioner asserts that he is entitled to credit for time spent in custody for February 18, 2005, to the present. The petitioner further asserts that if given proper credit for this time, he would be entitled to immediate release. The petitioner asserts

that he has exhausted his administrative remedies with regard to this claim.

B. **The Respondent's Motion**

In the memorandum in support of her motion, the respondent asserts that the petitioner was arrested by Buffalo, New York police on February 18, 2005, for Criminal Possession of a Loaded Firearm. Although those charges were later dismissed in lieu of a federal indictment, the petitioner remained incarcerated pursuant to a state parole violation.

On March 15, 2005, the petitioner was transferred to the custody of the United States Marshal Service pursuant to a federal writ. After sentencing on the federal charge of Felon in Possession of a Firearm, the petitioner was returned to state custody on January 10, 2008, via a return writ. A federal detainer was lodged with New York authorities for service of the petitioner's federal sentence upon his release from state custody.

A state parole hearing was held and the petitioner's parole was revoked on January 28, 2008. The state credited the petitioner's parole revocation term with the time spent in custody from February 18, 2005, until January 27, 2008, the day before his parole was revoked. The petitioner was released from service of his parole revocation sentence on March 27, 2008, and transferred to the custody of the United States Marshal Service for service of his federal sentence pursuant to the federal detainer lodged with state authorities.

The BOP has commenced the petitioner's federal sentence as of the date he was received in federal custody for service of his federal sentence, or March 27, 2008. The petitioner has not received credit on his federal sentence for time spent in custody, as all of that time was credited to his state parole revocation term.

During his incarceration, the petitioner sought concurrent designation of his state and federal

terms with the BOP. The BOP contacted the federal sentencing court regarding this request, but no response was received. The BOP thereafter reviewed the petitioner's case to determine whether a concurrent designation was appropriate, but found that it was not warranted by the five factor analysis in 18 U.S.C. § 3621(b). As a result, the petitioner's current projected release date is December 28, 2010.

With this procedural history in mind, the respondent contends that the petitioner's federal sentence has been properly calculated and requests dismissal of the petition, or judgment as a matter of law, on the following bases:

(1) the petitioner's federal sentence commenced on March 27, 2008;

(2) a *nunc pro tunc* designation is not warranted; and

(3) the petitioner is not entitled to any prior custody credit.

## C. The Petitioner's Response

In his response to the respondent's motion, the petitioner asserts that at the time of his federal sentence, his prior custody credit had not been granted toward another sentence, as that sentence had not yet been imposed. Moreover, the petitioner appears to suggest that the BOP was required to compute his federal sentence at that time. Therefore, the petitioner asserts that he is entitled to credit on his federal sentence for all time served prior to the imposition of that sentence.

In addition, the petitioner asserts that he is also entitled to all credit for all time served after his federal sentence was imposed because he was in federal custody at that time.

## III. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept as true

all well-pleaded material factual allegations. Advanced Health-Care Services, Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the petition to be true, and construing the allegations in the light most favorable to the petitioner, it is clear, as a matter of law, that no relief could be granted. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B.  Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the

opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. *Id.* This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. *Id.* at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### IV. The Petitioner's Conviction and Sentence

The undisputed facts show the following procedural history with regard to the petitioner's conviction and sentence:

(1) The petitioner was arrested by Buffalo, New York authorities on February 18, 2005, for Criminal Possession of a Loaded Firearm. Resp't Memorandum (dckt. 20), Ex. 1 at ¶ 5(a). Although those charges were later dismissed, the petitioner remained in the custody of state authorities on a parole violation charge. *Id.* at ¶ 5(b).

(2) The petitioner was transferred to the custody of the United States Marshal Service on March 15, 2005, via a federal writ of habeas corpus ad prosequendum. Resp't Ex. 1 at Att. A. After his federal sentencing, the petitioner was returned to state custody. *Id.* A federal detainer was lodged with state authorities for the petitioner's federal sentence. Petition (dckt. 1), Ex. 1 at 3.

(3) The petitioner received a state parole revocation hearing and his parole was revoked on January 28, 2008. Resp't Ex. 1 at Att. D. At that time, state authorities credited the petitioner's

parole revocation term with all time spent in custody since the day of his arrest on February 18, 2005. *Id.* Moreover, the petitioner's parole revocation term was credited with all time served in custody from the date of revocation, January 28, 2008, through his release to federal authorities on March 27, 2008. *Id.*

(4) The BOP has commenced the petitioner's sentence as of the date he was received in federal custody for service of his federal sentence, or March 27, 2008. Resp't Ex. 1 at Att. E. The BOP has not credit the petitioner for any prior custody credit because that time has been credited to his state parole violation term. Resp't Ex. 1 at Att. D.

(5) The petitioner sought a concurrent designation of his state and federal terms with the BOP and has exhausted his administrative remedies with regard to the issue raised in the petition. Resp't Ex. 1 at ¶ 6; Att. F. The BOP contacted the sentencing court regarding the petitioner's request, but received no response. Resp't Ex. 1 at ¶ 5(n). The BOP thereafter conducted a review of the five factors outlined in 18 U.S.C. § 3621(b) and determined that a concurrent designation is not warranted. *Id.* at Att. G.

## V. Analysis

### A. Commencement of Sentence/Prior Custody Credit

It is well established that the BOP is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General).

Because the petitioner's federal sentence was imposed after November 1, 1987, prior custody

6

credit is governed by 18 U.S.C. § 3585.

A defendant can receive prior custody credit under § 3585(b) if:

> (1) he was in official detention because of the offense for which the sentence was imposed; or

> (2) he was in official detention as a result of another charge for which he was arrested after the commission of the current offense, if that time has not been credited against another sentence.

In this case, the undisputed facts show that the petitioner was originally arrested by the State of New York on February 18, 2005. He was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum on March 15, 2005. Although the state charges were later dismissed, the petitioner remained in the custody of the state on a parole violation charge.

The petitioner received a 38-month federal sentence on January 11, 2007, and was then returned to state custody where he later received a state parole revocation sentence of 36 months. Petition (dckt. 1), Ex. 1 at 3. After his release on parole from his state sentence, the petitioner was taken into federal custody for service of his federal sentence. The petitioner received credit on his state parole revocation sentence for all time in custody from February 18, 2005, until his release on parole. The BOP has commenced the petitioner's sentence as of March 28, 2008, the date the petitioner was released on parole from state custody.

Based on this procedural background, it is clear that after the petitioner's arrest by state authorities on February 18, 2005, he was in the primary custody of the State of New York until his release from his parole revocation sentence on March 28, 2008. Although the petitioner was transferred to federal custody to face his federal charges, such transfer was performed via a federal writ. Thus, during his federal proceedings, the petitioner was merely "borrowed" from state custody and the State of New York retained primary custody over him during those times. See United States

7

v. Evans, 159 F.3d 908, 911 (4th Cir. 1998) ( a writ of habeas corpus ad prosequendum demands an inmate be produced to face criminal charges, but does not effect a transfer of custody); see also Causey v. Civiletti, 621 F.2d 691 (5th Cir. 1980) (same). Although the parties may have believed the petitioner was in federal custody after the dismissal of his state charges, merely believing it does not make it so.[1]

Additionally, the petitioner was given credit on his state parole revocation sentence for all time spent in custody prior to his release from state custody on March 28, 2008. The petitioner's federal sentence is silent as to whether it is concurrent or consecutive to his state sentence, therefore, it is presumed to be consecutive. Moreover, the petitioner's Judgment and Commitment Order makes no recommendation that petitioner be credited with time served. Petition (dckt. 1) at Ex. 1. Accordingly, pursuant to 18 U.S.C. § 3585(b), the petitioner is not entitled to credit on his federal sentence for any time served in custody prior to the date he was release by state authorities.

Further, 18 U.S.C. § 3585(a) provides that a sentence commences on the date a defendant is received into custody. Thus, the BOP has properly commenced the petitioner's sentence on March 28, 2008, the date on which he was received into federal custody after his release from state custody by the State of New York.

**B.  Nunc Pro Tunc Designation**

---

[1] The petitioner's argument that the sentencing court believed he was in federal custody at the time the sentence was imposed is inapposite. Although the sentencing court apparently did make a statement which indicates its belief that the petitioner was in federal custody, that statement appears to have been made based solely on the dismissal of the petitioner's state charges and not in consideration of the petitioner's parole violation charges. Nonetheless, whether that had an affect on the sentence imposed is a question only the sentencing court can answer. The sentencing court was given that opportunity when it was contacted by the BOP concerning a *nunc pro tunc* designation and failed to respond. Moreover, even petitioner's counsel concedes that there was no "official action" taken to move the petitioner from state to federal custody, and that the court "[m]erely saying 'federal custody' in Court on October 14, 2005 did not make it so . . ." Petition (dckt. 1), Ex. 2 at 4.

In some cases, a federal sentence may commence prior to the date the Attorney General gains physical custody of the defendant. See 18 U.S.C. § 3621(b) (the BOP has the authority to designate the place of a prisoner's confinement); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990) (a federal sentence may commence on a defendant who is already in state custody only when the BOP or Attorney General agree to designate a state facility for service of the federal sentence). Thus, where a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the BOP designates a state facility as the place for service of a federal sentence. See United States v. Evans, 159 F.3d at 911-12. However, although the BOP must consider a prisoner's *nunc pro tunc* request, it is not obligated to grant such a request. See Barden v. Keohane, *supra*.

In this case, the petitioner made a *nunc pro tunc* request to the BOP. The BOP considered the petitioner's request and denied it. In denying his request, the BOP applied the factors in 18 U.S.C. § 3621(b) to the petitioner's situation and also contacted the sentencing court for its input. The sentencing court did not respond, nor does the Judgment and Commitment Order make any recommendation for credit for time served. After consideration of these facts and the factors found in 18 U.S.C. § 3621(b), the BOP has found that circumstances do not warrant a *nunc pro tunc* designation. Therefore, the BOP has done all that it is required to do and its substantive decision to not grant the petitioner a *nunc pro tunc* designation is not reviewable by this court.

## VI.  Recommendation

Because the petitioner's sentence has been properly computed and he is not otherwise entitled to the relief sought, it is recommended that the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt.1 9) be **GRANTED** and the petitioner's § 2241

habeas petition (dckt. 1) be **DENIED** and **DISMISSED with prejudice**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court, written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge for the Northern District of West Virginia. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: January 2, 2010

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE